# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNPUBLISHED**

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

NAKEO T. VANCE,
  *Defendant-Appellant.*

No. 00-4501

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-987)

Submitted: January 10, 2001

Decided: February 2, 2001

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nakeo T. Vance appeals his sentence imposed following his guilty plea to being a felon in possession of a firearm. Specifically, Vance asserts that the district court erred in enhancing his offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998) and in calculating the extent of an upward departure for the enhanced dangerousness of his offense. *See* USSG § 2K2.1, comment. (n.16). Finding no error, we affirm.

The undisputed facts are set forth in the Presentence Investigation Report. At approximately 2:30 in the morning of August 13, 1999, officers were called to a Waffle House to disperse an unruly crowd. Upon arrival, the officers noticed approximately one hundred young adults outside and a crowd of approximately fifteen to twenty people fighting. Vance was one of the people fighting. During this altercation, Vance retrieved a pistol from his car and fired approximately six rounds away from the crowd. After officers ordered Vance to drop the weapon, Vance fled on foot and was observed discarding the weapon. Vance eventually surrendered after a brief foot pursuit.

A sentencing court should apply the four-level enhancement under § 2K2.1(b)(5) if the Defendant used or possessed the firearm in connection with another felony offense. Here, the district court based its enhancement on the finding that Vance had committed "resisting arrest with a deadly weapon," a felony under South Carolina law.*

Vance contends that there was insufficient evidence that he used a

---

*Alternatively, the district court based the enhancement on the conclusion that Vance had committed the South Carolina felony of "unlawfully carrying a pistol." Vance argues that "another felony offense" under the guidelines does not include firearms possession offenses. *See* USSG § 2K2.1, comment. (n.18). Thus, Vance contends that, because unlawful carrying of a pistol is merely a firearms possession offense, the enhancement was improper. The Government does not address this argument and apparently concedes that unlawful carrying of a pistol was not a sufficient offense to justify the four-level enhancement.

deadly weapon in resisting efforts to arrest him. He asserts that the fact that he had a weapon in his hand during part of his flight was insufficient to show that he "used" the weapon under the meaning of the South Carolina statute. Vance relies on the Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137, 148 (1995), that "use" of a firearm requires "active employment" under a specific federal firearms statute.

We find that, even under *Bailey*, Vance "used" the firearm during his flight from police. *Bailey* held that clear examples of use included "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." *Id.* Here, Vance fled from police holding a firearm in his hand, from which he had recently shot approximately six bullets. While Vance eventually dropped his weapon, Vance was armed and apparently dangerous during part of the foot chase. This evidence supports the conclusion that Vance was displaying, if not brandishing, a firearm. In addition, the "use" was in connection with his resisting arrest, because officers in pursuit must treat an armed fugitive with greater caution than an unarmed one. Accordingly, the district court did not err in concluding that Vance had committed the South Carolina crime of "resisting arrest with a deadly weapon."

Vance next argues that the district court did not sufficiently explain the extent of its upward departure. The extent of a departure is reviewed for reasonableness under an abuse of discretion standard. *Koon v. United States*, 518 U.S. 81, 100 (1996) (review of departures generally). The district court departed seven offense levels based on the substantial risk of death or bodily injury caused by the underlying offense. USSG § 2K2.1, comment. (n.16). However, the district court did give reasons for its seven-level departure, namely, the "enhanced dangerousness of the situation" when Vance discharged his gun six times in the vicinity of a crowd of up to one hundred people. (J.A. at 27.) Further, the court noted that shooting a gun in a "melee" escalates the situation to the point where someone might return gunfire. In light of the undisputed facts of the underlying situation, the district court's departure to a sentence well under the maximum for the offense was not an abuse of discretion.

Accordingly, we affirm Vance's sentence. We dispense with oral argument, because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*